NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN HASSAN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1732

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-4742, Judge Joseph L. Toth.

---

Decided:  February 20, 2024

---

JOHN HASSAN, Center Moriches, NY, pro se.

MATNEY ELIZABETH ROLFE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; RICHARD STEPHEN HUBER, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, SCHALL, and REYNA, *Circuit Judges.*

PER CURIAM.

## DECISION

John Hassan appeals the order of the United States Court of Appeals for Veterans Claims ("Veterans Court") that granted the Secretary's motion to dismiss his appeal in *Hassan v. McDonough*, No. 22-4742 (Vet. App. Feb. 9, 2023), App. 1.* In his appeal to the Veterans Court, Mr. Hassan sought to challenge the July 25, 2022 decision of the Board of Veterans' Appeals ("Board") that determined that the discontinuance of Veteran Readiness and Employment ("VR&E") services to him under the provisions of 38 U.S.C. Chapter 31 was improper. *Id.* The Veterans Court dismissed Mr. Hassan's appeal for lack of jurisdiction because Mr. Hassan did not obtain an adverse, final decision from the Board. *Id.* at 1–2. The court explained that 38 U.S.C. § 7266(a), its jurisdictional statute, requires that a Board decision be adverse for a claimant to obtain review by the Veterans Court. *Id.* at 1. Because the July 25, 2022 Board decision was entirely favorable to Mr. Hassan, there was nothing for the court to review. *Id.* The court noted that, if Mr. Hassan was dissatisfied with the service provided by the Department of Veterans Affairs through the VR&E, he could seek review of those issues. *Id.* For the reasons stated below, we *dismiss* for lack of jurisdiction.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. 38 U.S.C. § 7292. We have jurisdiction to decide an appeal insofar as it presents a challenge to the court's decision regarding a rule of law,

---

* "App." citations are to the appendix filed with Respondent-Appellee's Informal Response Brief, ECF No. 6.

including a decision about the interpretation or validity of any statute or regulation. *Id.* § 7292(a), (d)(1). However, we lack jurisdiction to entertain a challenge to a factual determination or a challenge to the application of a law or regulation to the facts of a particular case, unless the appeal presents a constitutional issue. *Id.* § 7292(d)(2).

We have reviewed the decision of the Veterans Court and have considered all the arguments raised by Mr. Hassan in his appeal of the court's decision dismissing his appeal. Mr. Hassan does not argue that 38 U.S.C. § 7266 is invalid or was misinterpreted by the Veterans Court, nor does he raise any legitimate constitutional issues. Rather, it is clear that Mr. Hassan's appeal boils down to a challenge to factual determinations concerning the feasibility of reinstating his computer training; and a challenge to the Veterans Court's application of its jurisdictional statute to the facts of his case. Those are matters beyond our jurisdiction.

## CONCLUSION

For the foregoing reasons, we lack jurisdiction to adjudicate Mr. Hassan's appeal. The appeal is therefore dismissed.

## **DISMISSED**

### COSTS

No costs.